**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEBASTIAN TOL TOL,<br><br>                Petitioner,<br><br>    v.<br><br>FERETI SEMAIA, *et al*.,<br><br>                Respondents. | Case No. ED CV 26-01920-DMG (RAO)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, an immigrant detainee represented by counsel, filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 on April 17, 2026. [Doc. # 1 ("Pet.")]. On April 24, 2026, Respondents filed an answer to the Petition stating they "are not presenting an opposition argument to the Petition at this time." [Doc. # 8 at 2.] Petitioner filed his reply to Respondents' answer to his Petition on April 27, 2026. [Doc. # 9.] In Petitioner's reply, he acknowledges Respondents' non-opposition and argues that Respondents have failed to show cause why the Court should not grant the Petition and order the requested relief. *See id.* Consequently, the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested. For the reasons set forth below, the Court GRANTS the Petition.

Petitioner is a citizen of Guatemala who entered the United States on

December 13, 2022.  Pet. ¶ 2.  The next day, Petitioner was released after the government determined that Petitioner was neither a flight risk nor a danger to the community.  *Id.* ¶ 4.  Specifically, the government released Petitioner on his own recognizance in the Alternatives to Detention Program.  *Id.*  On June 26, 2024, Petitioner applied for asylum.  *Id.* ¶ 5.

On January 16, 2026, at Petitioner's check-in with Immigration and Customs Enforcement ("ICE"), Respondents revoked his release and re-detained him.  *Id.* ¶ 7.  Petitioner is currently detained by ICE at the Adelanto ICE Detention Center.  *Id.* ¶¶ 15, 18.  He has no criminal history.  *Id.* ¶¶ 9, 64.  Petitioner argues, *inter alia*, that his detention violates his constitutional due process rights.  *Id.* ¶¶ 77–88.

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  The writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Petitioner's requested relief is a declaration that his continued detention without an individualized determination of danger or flight risk violates the Due Process Clause of the Fifth Amendment and an order that he be released immediately.  Pet. at 20.  As this Court (and others) have already ruled, individuals conditionally released from custody, such as noncitizens during immigration proceedings, have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards.  *Sheng Kun v. Janecka, et al.*, No. ED CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026).  Given Respondents' non-opposition (*see* C.D. Cal. L.R. 7-12), Petitioner's prior release and the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of his re-detention, the Court finds that it is appropriate to grant the Petition.  *See id.*

2

In light of the foregoing, the Court **GRANTS** the Petition and orders Petitioner to be released forthwith, subject to any former conditions of release.

The Court also orders that Respondents shall not re-detain Petitioner without notice and a future pre-deprivation hearing.  At any such hearing, the Government will bear the burden to prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk before Petitioner may be re-detained.  Respondents shall return any confiscated property and documents to Petitioner upon his release.  Finally, Respondents shall file a status report regarding compliance with this order within five court days of its entry.

**IT IS SO ORDERED.**

DATED:  April 27, 2026

_____
DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE

3